■ COUNTY OF ONONDAGA, Respondent, v. Estate of SALLY C. FURCINITO by JAMES CERIO, an Executor, Appellant, et al., Defendants.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: The statement in the petition that the lands of appellants were appropriated for highway purposes "without access" was not an irremediable defect, if indeed it was a defect. The contents of the petition made it plain that the proposed highway was to be "controlled-access" (Highway Law, § 117-b) so that an adjacent landowner could not have access at any place thereon he might choose. At the same time the appropriation map made it clear that the county proposed to permit an access road at or near the easterly boundary of appellants' lands. The testimony of a county engineer made it equally clear that the location of the access road could not be stated with precision by the county because the placement of such a road was not within its sole jurisdiction. When appellants upon the hearings before the commissioners raised the specious claim that their lands north of the proposed highway were landlocked resulting in consequential damages of many thousands of dollars the court properly permitted an amendment of the petition. If, as stated, there was a defect or irregularity it was correctable. (Civ. Prac. Act, § 105, now CPLR 2001.) The amendment made the petition conform with the map and the effect thereof was to make both speak more precisely and definitely regarding the intent of the county and not to express an intent to appropriate any other, additional, or different lands of appellants or of rights and interests therein. (*Matter of Bensel*, 140 App. Div. 257, 262.) (Appeal from order of Onondaga County Court directing plaintiff to file an amended petition with map attached indicating property to be taken in fee is without access except along two 60-foot strips.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ AUGUST MANGIONE, Appellant, v. EDWARD F. GLEASON et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of the jury was against the weight of evidence. (Appeal from a judgment of Niagara Trial Term in favor of defendants dismissing the complaint in an automobile negligence-pedestrian action.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD R. AUDETTE, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously reversed and writ of habeas corpus allowed by this court returnable before Honorable Domenick L. Gabrielli at a term of Supreme Court to be held in the City of Auburn, New York, on Tuesday, May 5, 1964, at 2 o'clock in the afternoon for determination after a hearing of the issues. Memorandum: Serious questions are presented by the petition as to the applicability of section 335-b of the Code of Criminal Procedure to a defendant who pleaded not guilty on arraignment before September 1, 1959 (when the section became effective), but who thereafter changed his plea to a plea of guilty and as to whether the court sufficiently informed petitioner before accepting the plea of guilty to satisfy the requirements of that section. A failure to comply with section 335-b renders a conviction void and amendable to collateral attack by way of habeas corpus. If the writ which we are issuing is sustained the relator should be remanded for rearraignment so that he may either plead guilty again or plead not guilty (*People ex rel. Colan* v. *La Vallee*, 14 N Y 2d 83). (Appeal from order of Cayuga Special Term denying, without a hearing, application for writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.